UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jane Doe, | Case No. 18-cv-3419 (WMW/LIB) |
| Plaintiff, | **ORDER** |
| v. | |
| North Homes, Inc., Devin Michael Wood, Connie Ross, John Does 1 - 5, and John Does 6 - 10, | |
| Defendants. | |

Two matters are before the Court. First, Defendants North Homes, Inc. (North Homes), Connie Ross, John Does 1 - 5, and John Does 6 - 10 move to dismiss Plaintiff Jane Doe's complaint. (Dkt. 9.) Second, Doe appeals the June 6, 2019 Order of United States Magistrate Judge Leo I. Brisbois denying her motion to proceed under a pseudonym. (Dkt. 53.) For the reasons addressed below, the motion to dismiss is granted, Doe's complaint is dismissed without prejudice, and the June 6, 2019 Order is reversed.

## BACKGROUND

### I.     Jane Doe's Complaint[1]

Doe was a juvenile resident at the I.T.A.S.K.I.N. Juvenile Center (ITASKIN) in 2014. ITASKIN is owned and operated by North Homes, a Minnesota nonprofit corporation. Ross is North Homes's director and administrator.

---

[1] The facts addressed in Part I of this background section are taken from Doe's complaint, which the Court accepts as true for the purpose of Defendants' motion to dismiss. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).

In April 2014, ITASKIN staff detained Doe in a secure unit within the facility as a consequence of her behavior. Shortly thereafter, Defendant Devin Michael Wood, a guard in the secure unit, made sexual advances towards Doe and engaged in sex acts, including sexual intercourse, with her. Wood was arrested and charged with multiple counts of criminal sexual conduct. After Wood's arrest, John Does 1-10 and Ross harassed and punished Doe because of her relationship with Wood. This punishment included continued detention in the secure unit.

In December 2018, Doe commenced this civil rights action under 42 U.S.C. § 1983. Count I alleges, pursuant to Section 1983, that Wood and John Does 1-10, in their individual capacities, violated Doe's rights under the Eighth Amendment and Fourteenth Amendment to the United States Constitution by acting with deliberate indifference to Doe's medical needs, personal safety, and general welfare. Count II advances similar allegations, under Section 1983, against North Homes and Ross in her official capacity. Count III alleges, under Section 1983, that Ross, in her individual capacity, violated Doe's First Amendment rights. In Count IV, Doe alleges a state-law negligence claim.

**II.     Order Denying Doe's Motion to Proceed Under a Pseudonym**

In September 2014, Wood pleaded guilty to three counts of criminal sexual conduct in Minnesota District Court. A Facebook account posted a news story about Wood's guilty pleas on its publicly accessible page the following day. A Facebook user (Doe) posted a comment, stating, "Nigga that girl was me. . . No one is gonna bend him over!" The Facebook user's account identified her by name, and the Facebook post remains public, displaying both the comment and the Facebook user's name.

Doe moved for a protective order allowing her to proceed under a pseudonym in this action. Defendants opposed the motion. In a June 6, 2019 Order, the magistrate judge denied Doe's motion, reasoning that because Doe's identity as Wood's victim was already publicly known, "the benefit of proceeding under a pseudonym has already been defeated." Doe timely appealed the magistrate judge's decision.

**ANALYSIS**

**I.     Defendants' Motion to Dismiss**

Defendants move to dismiss Doe's complaint. *See* Fed. R. Civ. P. 12(b)(6).[2] To survive a Rule 12(b)(6) motion, the operative complaint must allege facts sufficient to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When determining whether the complaint states such a claim, a district court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). The factual allegations need not be detailed, but they must "raise a right to relief above the speculative

---

[2]     Defendants argue that, because they are not state actors, the Court must dismiss the complaint for lack of subject-matter jurisdiction. But whether a defendant is a state actor for the purpose of Section 1983 is not a jurisdictional issue. *See Dixon v. Vera Lloyd Presbyterian Home & Family Servs., Inc.*, 116 F. App'x 34, 35 (8th Cir. 2004) (reversing district court's dismissal for lack of subject matter jurisdiction based on absence of state action and concluding that the motion should have been analyzed under Rule 12(b)(6)); *Jahhar v. AT & T Commc'ns, Inc.*, 82 F. App'x 502, 502-03 (8th Cir. 2003) (affirming dismissal under Rule 12(b)(6) because the plaintiff "failed to state a claim because he did not allege any state action."). Rather, the occurrence of state action (by a state actor) is an essential element of a Section 1983 claim. *Cody v. Union Elec.*, 518 F.2d 978, 979 (8th Cir. 1975). As such, the Court construes Defendants' motion to dismiss under Rule 12(b)(6) (failure to state a claim on which relief can be granted) rather than Rule 12(b)(1) (dismissal for lack of subject-matter jurisdiction).

3

level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

## A. Doe's Section 1983 Claims

Defendants argue that, because they are not state actors for the purpose of 42 U.S.C. § 1983, Doe fails to state a Section 1983 claim against them. Section 1983 creates a cause of action for those who are deprived of a federally protected right by a person acting "under color of" state law. Although Section 1983 does not establish any substantive rights, it may be invoked to vindicate federal rights conferred by the United States Constitution and federal statutes that Section 1983 describes. *Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012). Count I, Count II, and Count III of Doe's complaint are brought pursuant to Section 1983.

It is well-established that only state actors may be held liable under Section 1983. *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). Wrongful or discriminatory conduct by private parties is not actionable under Section 1983. *Ams. United for Separation of Church & State v. Prison Fellowship Ministries, Inc.*, 509 F.3d 406, 421 (8th Cir. 2007). To state a claim against a private party under Section 1983, a plaintiff must allege a deprivation of a federal right that results "from the exercise of a right or privilege having its source in state authority" and that "the party engaging in the deprivation may be appropriately characterized as a state actor." *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (internal quotation marks omitted).

Defendants argue that, as a private entity and private individuals, they cannot be characterized as state actors. Whether a private party may be characterized as a state actor

4

turns on the circumstances of the case.  Not only must there be a "close nexus" between the state and the private party, there also must be a close nexus "between the state and the alleged deprivation itself." *Id.* (internal quotation marks omitted).  A private party may be appropriately characterized as a state actor under three circumstances: when the state has delegated to a private party a power that traditionally is exclusively reserved to the state, a private actor is a "willful participant" in activity with the state or its agents, or there is "pervasive entwinement" between the private party and the state.  *Id.* (internal quotation marks omitted).

When a private party acts with merely the "approval or acquiescence of the state," the requisite nexus between the state and the private party does not exist.  *Id.*  "[B]ut a private entity may be considered a state actor if [the private party] has *acted together with* or has *obtained significant aid from* state officials in furtherance of the challenged action." *Id.* (internal quotation marks omitted) (emphasis added).  To hold a private party liable under Section 1983, a plaintiff must allege, at the very least, that the private party and the state actor reached "*a mutual understanding*, or *a meeting of the minds*."  *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993) (emphasis added).  To establish state action, it is not sufficient merely to allude to such a meeting of the minds or joint activity between the state and a private party, as allegations of a nexus between the state, a private party, and the alleged deprivation "must be pleaded with specificity and factual support." *Magee v. Trs. of the Hamline Univ., Minn.*, 957 F. Supp. 2d 1047, 1058 (D. Minn. 2013).

Doe alleges that "North Homes worked in concert with Itasca and other Minnesota counties to provide care for minor children who were detained, incarcerated, committed,

or the like, for criminal, mental health, or other protective purposes." The complaint does not allege that the state or any county had a contract or agreement with North Homes through which the state assigned to North Homes custody or control of individuals generally or assigned North Homes custody or control of Doe in particular. Without more, the complaint's vague allegation that North Homes "worked in concert" with Minnesota counties provides no basis to conclude that the state either delegated public functions to North Homes or jointly performed public functions with North Homes. The complaint alleges that the agreement to "enroll" Doe at ITASKIN was between Kanabec County and Doe's foster mother, who is not a state actor. *See P.G. v. Ramsey Cty.*, 141 F. Supp. 2d 1220, 1226 (D. Minn. 2001) (stating that foster parents are not state actors for the purpose of Section 1983). Moreover, both Doe's complaint and her memorandum in opposition to Defendants' motion to dismiss emphasize that the decision to detain residents in ITASKIN's secure unit was solely in the discretion of North Homes, a private care provider. And although the complaint plausibly alleges that North Homes was subject to state regulation, "[m]ere regulation does not convert a private organization's actions into state action . . . even if the regulation is extensive and detailed." *Sabri v. Whittier All.*, 833 F.3d 995, 1000 (8th Cir. 2016) (internal quotation marks and alterations omitted).

Doe's complaint describes, at most, the passive involvement of the state in the circumstances leading to her alleged constitutional deprivations. But the facts alleged in the complaint do not state a facially plausible claim that North Homes and its employees were performing public functions delegated to them by the state or acting jointly with the state to deprive Doe of any constitutionally protected right. For this reason, the Court

grants Defendants' motion to dismiss Doe's Section 1983 claims as against all defendants without prejudice.[3]

### B. Doe's State Law Negligence Claim

Doe's complaint also alleges one negligence claim under Minnesota law. But Doe does not allege, nor does the record establish, a basis for this Court to exercise original jurisdiction (either federal question jurisdiction or diversity jurisdiction) over this claim. Subject-matter jurisdiction over Doe's state-law claim exists only by virtue of supplemental jurisdiction.

A district court may decline to exercise supplemental jurisdiction over a plaintiff's state-law claims when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *accord Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (referring to the exercise of supplemental jurisdiction after all claims within a district court's original jurisdiction are dismissed as "purely discretionary"). Although a federal district court may exercise supplemental jurisdiction, the court should "exercise judicial restraint and avoid state law issues wherever possible." *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990). Several factors inform a district court's consideration of exercising supplemental jurisdiction: (1) the stage at which the district court disposed of the federal claims, (2) the difficulty of the state law claims, (3) the amount

---

[3] The Section 1983 state-action requirement applies equally to all defendants, each of whom is a private actor as alleged in Doe's complaint. Because Doe's allegations against Wood are insufficient to state a facially plausible claim that he is a state actor for the purposes of Section 1983, the Court dismisses Doe's Section 1983 claims as against Wood even though he neither moved to dismiss nor joined Defendants' motion to dismiss.

7

of judicial resources that have been invested, (4) the amount of additional judicial resources necessary to resolve the state law claims, and (5) the availability of a state forum. *Marshall v. Green Giant Co.*, 942 F.2d 539, 549 (8th Cir. 1991).

In light of these considerations, exercising supplemental jurisdiction over Doe's negligence claim is unwarranted here. By operation of this Order, the federal claims giving rise to original jurisdiction will be dismissed early in the case. Discovery has not commenced, and limited judicial resources have been invested to date. As to Doe's negligence claim, a federal court should exercise restraint and decline to resolve state-law claims unless it is necessary to do so. *Magee*, 957 F. Supp. 2d at 1061; *accord Ivy v. Kimbrough*, 115 F.3d 550, 552-53 (8th Cir. 1997) (explaining that, when all federal claims are dismissed, remaining state-law claims usually are "dismissed without prejudice to avoid '[n]eedless decisions of state law . . . as a matter of comity and to promote justice between the parties.' " (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966))). And even if Doe elects not to pursue her federal claims in a subsequent action, a state forum remains available for Doe to pursue her negligence claim.

## II. Appeal of June 6, 2019 Order

Doe appeals the magistrate judge's June 6, 2019 Order denying her motion for a protective order that would permit her to proceed under a pseudonym.

This Court's review of a magistrate judge's ruling on a nondispositive issue is "extremely deferential." *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008). A district court will modify or set aside a ruling only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a); *Ferguson v. United*

*States*, 484 F.3d 1068, 1076 (8th Cir. 2007).  A ruling is clearly erroneous when, although there is evidence to support the ruling, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted).  A nondispositive ruling is contrary to law when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotation marks omitted).

The Federal Rules of Civil Procedure require parties to identify themselves in their pleadings.  Fed. R. Civ. P. 10(a).  And there is a presumption against parties proceeding under pseudonyms.  *See Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1029 (D. Minn. 1998). Notwithstanding this presumption, "the normal practice of disclosing the parties' identities yields to a policy of protecting privacy" in cases that involve matters of the utmost intimacy.  *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) (internal quotation marks omitted).  When determining whether a pseudonym may be used, courts examine the totality of the circumstances to ascertain whether the person has a substantial interest in maintaining her privacy that outweighs the traditional presumption of openness in judicial proceedings.  *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).  Whether to grant a party's motion to proceed under a pseudonym rests with the district court's discretion.  *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993).

When considering the totality of the circumstances here, the Court concludes that the magistrate judge's decision to deny Doe's motion to proceed under a pseudonym is clearly erroneous.  *See Wells Fargo & Co.*, 750 F. Supp. 2d at 1050.  As Doe alleges that

9

she was a child victim of sexual assault, the magistrate judge properly concludes that this case involves "a personal matter of intimacy." Had this case been brought closer in time to the alleged sexual assault, when she was a minor, Doe would have been identified only by her initials. *See* Fed. R. Civ. P. 5.2(a). But the magistrate judge denied Doe's motion to proceed under a pseudonym on the ground that her identity as the victim of Wood's criminal sexual conduct was published in a comment on a Facebook post.

The Court is not persuaded that this Facebook comment defeats Doe's substantial interest in maintaining her privacy as a childhood victim of sexual assault. The Facebook post regarding Wood's guilty plea and Doe's comment remain visible to the public. But the record does not establish that Doe's identity as the victim of Wood's criminal sexual conduct is so widely known that any benefit obtained from protecting her privacy in this case is defeated. Moreover, the comment does not unambiguously identify Doe as the victim. Doe's identity is not readily discernable.

Any prior disclosure of Doe's identity is merely one factor weighing against granting Doe's motion. It is not per se a bar to proceeding under a pseudonym. *See Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) (considering whether the plaintiff's identity was known as one of multiple factors). The totality of the circumstances strongly supports granting Doe's motion. This case involves alleged sexual abuse of a vulnerable child—indisputably an issue of the utmost sensitivity. *See Doe YZ v. Shattuck-St. Mary's Sch.*, 214 F. Supp. 3d 763, 770 n.2 (D. Minn. 2016) ("Plaintiffs are proceeding under pseudonyms because these cases arise out of alleged sexual abuse that occurred when they were minors."). Doe is now an adult. But her age does not distinguish the interests in

maintaining her privacy from that of a minor victim of alleged sexual abuse. *See id.* Finally, any prejudice to Defendants in protecting Doe's privacy is minimal, particularly in light of the Court's Order dismissing Doe's complaint against them. *Cf. S. Methodist Univ.*, 599 F.2d at 713 (stating that "[b]asic fairness" counsels against allowing a plaintiff to proceed anonymously while a private entity must defend itself publicly). For these reasons, the June 6, 2019 Order denying Doe's motion to proceed under a pseudonym is reversed, and Doe's motion is granted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendants' motion to dismiss, (Dkt. 9), is **GRANTED**;

2. Plaintiff Jane Doe's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**;

3. The June 6, 2019 Order of United States Magistrate Judge Leo I. Brisbois, (Dkt. 50), is **REVERSED**; and

4. Plaintiff Jane Doe's motion for a protective order, (Dkt. 19), is **GRANTED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: August 9, 2019                    s/Wilhelmina M. Wright
                                         Wilhelmina M. Wright
                                         United States District Judge