UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jane Doe *(a pseudonym)*, | Case No. 18-cv-3419 (WMW/LIB) |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT OR IN THE ALTERNATIVE, TO ALTER, AMEND, OR SEEK RELIEF FROM JUDGMENT** |
| North Homes, Inc.; Devin Michael Wood; Connie Ross; John Does 1 - 5; and John Does 6 - 10, | |
| Defendants. | |

---

Plaintiff Jane Doe moves to amend the complaint or, in the alternative, to alter, amend, or seek relief from judgment pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. 65.) Because Doe has not established a manifest error of fact or law, her motion is denied.

## BACKGROUND[1]

On February 4, 2019, Defendants North Homes, Inc., Connie Ross, John Does 1 - 5, and John Does 6 - 10 (collectively, North Homes Defendants), moved to dismiss Doe's complaint primarily on the ground that Doe's claims could not proceed against them because they are not state actors for the purpose of 42 U.S.C. § 1983. This Court issued an order on August 9, 2019, granting North Homes' motion to dismiss, dismissing Doe's

---

[1] As the background of this litigation is set forth in detail in the Court's August 9, 2019 order, (Dkt. 61), the Court recites only those facts that are necessary to resolve the pending motion.

complaint without prejudice, declining to exercise supplemental jurisdiction over Doe's state law claims, and granting Doe's motion for a protective order. The Court reasoned that the complaint failed to "allege that the state or any county had a contract or agreement with North Homes through which the state assigned to North Homes custody or control of individuals generally or assigned North Homes custody or control of Doe in particular," and that "the complaint's vague allegation that North Homes 'worked in concert' with Minnesota counties provides no basis to conclude that the state either delegated public functions to North Homes or jointly performed public functions with North Homes." (Dkt. 61 at 6.)

As support for the Court's conclusion that North Homes is not a state actor even though North Homes is subject to state regulation, the Court explained that Doe's complaint failed to sufficiently allege facts to state a plausible claim that North Homes "perform[ed] public functions delegated to them by the state or act[ed] jointly with the state to deprive Doe of any constitutionally protected right." *Id.* (citing *Sabri v. Whittier All.*, 833 F.3d 995, 1000 (8th Cir. 2016) ("Mere regulation does not convert a private organization's actions into state action . . . even if the regulation is extensive and detailed.")).

In the present motion, Doe seeks leave to file an amended complaint that contains allegations that purportedly bolster the plausibility of her claims arising under 42 U.S.C. § 1983, and she argues that such amendment of the complaint is not futile. Alternatively, pursuant to Rules 59(e) and 60(b), Fed. R. Civ. P., Doe seeks to correct the Court's "manifest error" of disregarding the public-function test. North Homes opposes the motion

for three reasons. North Homes argues that the proposed amendments to the complaint merely reiterate Doe's prior allegations, Doe was on notice of the deficiencies in her complaint and had an opportunity to resolve those deficiencies, and this Court did not commit a manifest error in its state-action analysis.

## ANALYSIS

### I.     Doe's Motion to Amend Pursuant to Rule 15

Doe seeks leave to amend her complaint pursuant to Rule 15, Fed. R. Civ. P. North Homes opposes the motion, arguing that although it is within this Court's discretion to grant leave to amend, post-dismissal motions to amend a complaint are disfavored.

There is no "absolute or automatic right to amend" a complaint. *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005); *accord Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002). Rule 15 provides that a district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But different considerations apply when a motion to amend is filed after the complaint's dismissal and "the right to amend under Fed. R. Civ. P. 15(a) terminates." *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550 (8th Cir 1997) (internal quotation marks omitted). Under such circumstances this Court has "considerable discretion" to grant or deny such "disfavored" motions. *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823–24 (8th Cir. 2009); *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014). But when leave to amend has not been sought before an adverse ruling, the stringent requirements of Rules 59(e) and 60(b), Fed.

R. Civ. P., must be met. *In re SuperValu, Inc.*, 925 F.3d 955, 961 (8th Cir. 2019); *Mask of Ka-Nefer-Nefer*, 752 F.3d at 743.

Here, although Doe moves to amend her complaint pursuant to Rule 15(a), her motion was filed on September 9, 2019. Because Doe's motion arises subsequent to this Court's adverse ruling that dismissed her claims without prejudice, Rule 15(a) is inapposite. Instead, Doe's postjudgment motion is properly considered under Rules 59(e) and 60(b). *In re SuperValu*, 925 F.3d at 961–62. To revive Doe's claims, "the original judgment must be set aside under Rule 59 or 60 before amendment can be permitted under Rule 15(a)(2)." *Id*. at 962.

## II. Doe's Motion to Alter, Amend, or Seek Relief from Judgment.

In support of Doe's alternative motion to alter, amend, or seek relief from judgment, Doe contends that the text of the August 9, 2019 order that dismissed Doe's complaint without prejudice and declined to exercise jurisdiction over the state law claims suggests that this Court did not intend to render a final judgment in this matter. Because the judgment is not final, Doe argues, Rule 60(b) authorizes reconsideration of the ruling. But if the Court determines that the August 9, 2019 order is a final judgment, Doe argues, Rule 59(e) governs. As the same legal analysis applies to motions brought under either Rule 59(e) or Rule 60(b), North Homes argues, Doe's motion fails because the Court has not committed a "manifest error."

A motion for reconsideration is "typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008); *see also In re SuperValu,*

*Inc.*, 925 F.3d at 961 (explaining that "[e]ven if a dismissal is without prejudice, if the court intended the decision to be a final, appealable order, it constitutes dismissal of the entire action, and the more stringent postjudgment standards [of Rules 59(e) and 60(b)] apply.").

The Court's August 9, 2019 order granted North Homes' motion to dismiss. In doing so, the Court dismissed Doe's complaint in its entirety, without prejudice. This dismissal applied to all of Doe's federal claims and constitutes a final judgment. *See, e.g.*, *Quartana v. Utterback*, 789 F.2d 1297, 1299 (8th Cir. 1986) (adopting the Second Circuit's position that "unless leave to amend is explicitly granted, the dismissal is a final, appealable order"); *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001) (explaining that "[a]lthough a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable"). Because the Court's dismissal of Doe's complaint was a final appealable order, Rule 59(e) governs Doe's motion. *See Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (observing that "any motion that draws into question the correctness of the judgment is functionally a motion under [Rule 59(e)], whatever its label" (internal quotation marks omitted)).

### III.   Manifest Error

Doe argues that, because North Homes' ability to detain individuals is a power reserved solely to the state, the public-function test applies here. By disregarding the public-function test, Doe contends, the Court committed a manifest error of law when it dismissed her complaint. Doe seeks relief from that alleged manifest error pursuant to Rule 59(e), Fed. R. Civ. P.

5

A district court "has broad discretion in determining whether to grant a [Rule 59(e)] motion to alter or amend judgment." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation marks omitted). A Court may, pursuant to Rule 59(e), correct a manifest error of law that affects the correctness of a judgment. *Norman*, 79 F.3d at 750. But Rule 59(e) is not a means "to introduce new evidence, tender new legal theories, or raise arguments [that] could have been offered or raised prior to entry of judgment." *Innovative Home Health Care*, 141 F.3d at 1286. Relief is granted under Rule 59(e) only upon a showing of "exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986).

Doe argues that involuntary detention is a power reserved for the state and this Court committed a manifest error of law by disregarding the public-function test. But because Doe repeats an argument that the Court considered and rejected, the argument is not properly raised under Rule 59(e).

A party may not use Rule 59(e) to "raise arguments [that] could have been offered or raised prior to entry of judgment." *Innovative Home Health Care*, 141 F.3d at 1286; *accord In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 174 F.R.D. 444, 446 (E.D. Mo. 1997) (explaining that it is improper for a party to use Rule 59(e) "to repeat arguments or to raise new arguments that could have been [raised] before judgment" (internal quotation marks omitted)). A district court need not revisit a party's repetitious argument. *See, e.g.*, *In re SuperValu, Inc.*, No. 14-MD-2586, 2016 WL 1588105, at *3 (D. Minn. Apr. 20, 2016) (denying a motion to alter or amend judgment because the court did

not overlook plaintiff's argument when granting a motion to dismiss without prejudice, and explaining that plaintiff's attempt to reargue its theory was improper).

Here, Doe presents the same arguments advanced in her initial briefing. Doe's argument that involuntarily detention is a power reserved for the state improperly invites the Court to reconsider an argument Doe previously offered and, thereby, limit the Court's analysis to private prisons. The Court did not overlook Doe's arguments when it granted North Homes' motion to dismiss. And the Court continues to decline Doe's invitation to analogize North Homes to a private prison and find that the public-function test is satisfied.

Not all private entities that detain individuals, even pursuant to an order issued by a state court, are state actors for purposes of Section 1983. *See, e.g.*, *Campbell v. Glenwood Hills Hosp., Inc.*, 224 F. Supp. 27, 28–31 (D. Minn. 1963) (holding that a hospital and its employees were not state actors because the power of the hospital to hold plaintiff was not "derived from some actual vesting of authority by the state" and noting that, although a court order vested the hospital with authority to confine and detain plaintiff, the hospital was not answerable to the state, nor did the state have supervisory authority over the conditions of confinement). As such, Doe's reliance on cases involving private prisons and detention centers that were held to be state actors is unavailing. *See, e.g.*, *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 459 (5th Cir. 2003) (involving a Texas prison owned and operated by a private prison-management corporation); *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 101 (6th Cir. 1991) (involving a detention center funded by a private corporation under a contract with county); *Blumel v. Mylander*, 919 F. Supp. 423, 424–25 (M.D. Fla. 1996) (involving a county jail operated by a private entity pursuant to a contract

with county); *see also Giron v. Corr. Corp. of Am.*, 14 F. Supp. 2d 1245, 1248–50 (D.N.M. 1998) (holding that a private company performing the function of incarcerating inmates and the correctional guard it employed acted under color of state law); *Kelser v. King*, 29 F. Supp. 2d 356, 370–71 (S.D. Tex. 1998) (same).  Even when a private contractor is performing under a public contract when the alleged wrongdoing occurs, this circumstance does not automatically render the private contractor's conduct state action.  *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982).

As alleged in Doe's complaint, North Homes "operates correctional and rehabilitative service facilities" and "residential treatment centers."  This is not analogous to a private prison under a contract with a state or county.  Thus, in its August 9, 2019 order, this Court held that "the facts alleged in the complaint do not state a facially plausible claim that North Homes and its employees were performing public functions."  Doe's repetitive arguments to the contrary fail to identify a manifest error in the Court's August 9, 2019 order such that leave to amend would be properly granted.

Doe objects to this Court's reliance on *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993), and *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007), because the issue of state action in those cases was addressed in the context of a more robust factual record than existed here on North Homes' motion to dismiss.  But this Court's reliance on *Mershon* was specific to the Eighth Circuit's discussion of "the allegations necessary to survive a motion to dismiss."  994 F.2d at 451.  And several of the

cases on which the Court relied in its analysis were before the court on a motion to dismiss.[2] Moreover, Doe identifies no legal authority, nor is the Court aware of any, that suggests a manifest error is committed when a court relies on cases that, although decided at a different procedural posture, nonetheless articulate the applicable legal standard to state a claim for relief. Doe fails to establish a manifest error based on the Court's citation to these cases. *See Norman*, 79 F.3d at 750.

Because Doe does not establish that she is entitled to the relief she seeks, the Court denies Doe's motion.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Jane Doe's motion to amend the complaint or, in the alternative, to alter, amend, or seek relief from judgment pursuant to Federal Rules of Civil Procedure 59(e) or 60(b), (Dkt. 65), is **DENIED**.

Dated: May 11, 2020                                    s/Wilhelmina M. Wright
                                                                            Wilhelmina M. Wright
                                                                            United States District Judge

---

[2]    *See, e.g.*, *Sabri v. Whittier All.*, 833 F.3d 995, 998, 1000 (8th Cir. 2016) (affirming dismissal for failure to state a claim because actions of defendant did not constitute state action); *Henley v. Brown*, 686 F.3d 634, 638–39 (8th Cir. 2012) (considering dismissal of Section 1983 claims for failure to state a claim under Rule 12(b)(6)); *Magee v. Trs. of the Hamline Univ., Minn.*, 957 F. Supp. 2d 1047, 1055–59, 1065 (D. Minn. 2013) (involving dismissal for failure to state a claim because defendants were not state actors for purpose of Section 1983); *P.G. v. Ramsey County*, 141 F. Supp. 2d 1220, 1225–26 (D. Minn. 2001) (dismissing Section 1983 claims for failure to state a claim).